UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| JAMES HARGRAVE and SUSAN TURNER-HARGRAVE, | § § § | |
|---|---|---|
| Plaintiffs, | § § | |
| v. | § | CIVIL ACTION NO. 3:16-CV-3487-B |
| PENNYMAC CORP., | § § § | |
| Defendant, | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant PennyMac Corp.'s (PennyMac) Motion for Summary Judgment. Doc. 15. For the reasons stated below, the Court **GRANTS** PennyMac's Motion.

## I.

## BACKGROUND[1]

Plaintiffs James Hargrave and Susan Turner-Hargrave (the Hargraves) seek a declaration that PennyMac's foreclosure action against their home is time-barred. Doc. 1-2, Orig. Pet., ¶ 6. On November 14, 2006, the Hargraves secured a home equity loan with non-defendant Washington Mutual Bank (WAMU). *Id.* ¶ 5. After the Hargraves failed to make any payments on the loan, WAMU accelerated the loan on September 17, 2007 and subsequently filed an application to authorize foreclosure. Doc. 16, Mot. for Summ. J. Br., 2. The foreclosure proceedings were stayed

---

[1]The Court draws its factual history from the summary-judgment record.

- 1 -

after Mrs. Hargrave filed for bankruptcy in November of 2007.[2] *Id.* at 2–3. During this time, WAMU transferred the loan to non-defendant JP Morgan Chase Bank (Chase). *Id.* at 3. Mrs. Hargrave's bankruptcy case was dismissed on April 3, 2009, at which point Chase sent the Hargraves another notice of acceleration. *Id.* Chase then filed another application to authorize foreclosure on May 8, 2009. *Id.* But Chase non-suited the foreclosure action the following November. *Id.* Chase accelerated the loan again in January of 2010 and filed another foreclosure application in June of 2010. *Id.* But again, Chase non-suited the foreclosure action. *Id.*

On September 3, 2013, Chase transferred the loan to defendant PennyMac. *Id.* at 4. On December 4, 2015, PennyMac filed an application for foreclosure, which the Dallas County District Court approved on October 14, 2016. *Id.* The foreclosure sale was scheduled for December 6, 2016. *Id.* On December 5, 2016, the Hargraves filed suit in Texas state court to stop the foreclosure sale and to seek a declaration that the foreclosure sale was invalid because the four-year statute of limitations during which a lender must enforce a lien had run. *Id.*; Doc. 1-2, Orig. Pet., ¶ 6. PennyMac removed the case to this Court and filed a Motion for Summary Judgment. Doc. 1, Notice of Removal; Doc. 15, Mot. for Summ. J. PennyMac argues that the Hargraves' claim fails as a matter of law because abandonment of acceleration resets the four-year statute of limitations. Doc. 15, Mot. Summ. J., 1. PennyMac's Motion for Summary Judgment is ripe for review.

---

[2] Mr. Hargrave filed for bankruptcy before Mrs. Hargrave, but had agreed to continue making payments during bankruptcy. Doc. 16, Mot. for Summ. J. Br., 2. He did not do so, and the bankruptcy court lifted the automatic stay in his case on March 7, 2008. *Id.* at 3.

## II.

## LEGAL STANDARD

Summary judgment is proper if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The substantive law identifies which facts are material, and only a dispute over facts that might affect the outcome of the suit under the governing law will properly preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must view the facts and the inferences drawn from the facts in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Once the summary judgment movant has met his burden, the non-movant must "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam). A non-movant may not simply rely on the Court to sift through the record to find a fact issue but must point to specific evidence in the record and articulate precisely how that evidence supports the challenged claim. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Moreover, the evidence the non-movant provides must raise more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586. This evidence must be such that a jury could reasonably find in the non-movant's favor. *Anderson*, 477 U.S. at 248. If the non-movant is unable to make such a showing, the court must grant summary judgment. *Little*, 37 F.3d at 1075.

## III.

## ANALYSIS

PennyMac contends that summary judgment is appropriate as a matter of law because

abandonment of acceleration resets the four-year statute of limitations during which a lender must enforce its lien. Doc. 16, Mot. for Summ. J. Br., 6. It argues that the non-suit of a foreclosure action constitutes abandonment.[3] *Id.* PennyMac claims that when Chase non-suited its first foreclosure action in November of 2009, the four-year period that began to run with WAMU's 2007 foreclosure action was reset.[4] *Id.* at 6–7. Then, when Chase non-suited its second foreclosure action in January 2011, the four-year period that began to run with Chase's 2010 foreclosure action was reset. *Id.* at 7. Although PennyMac does not argue as such, it follows that PennyMac believes that because all prior accelerations were abandoned, the four-year statute of limitations began when PennyMac filed its application for foreclosure on December 4, 2015. Thus, PennyMac is within the four-year time period to enforce its lien.

The Hargraves respond that the four-year statute of limitations began to run with WAMU's 2007 foreclosure action and there have been no intervening actions that reset this time period; thus, the four-year period has run and PennyMac's foreclosure action is time-barred. Doc. 21, Pls.' Resp., 5–7. The Hargraves argue that the Court should not rely on the caselaw PennyMac cites to support its argument that non-suit constitutes abandonment because that caselaw is unpublished and lacks precedential weight. *Id.* at 4–5. Instead, the Hargraves urge the Court to follow *Burney v. CitiGroup*

---

[3] PennyMac also argues that a lender's notice of default constitutes abandonment. Doc. 16, Mot. for Summ. J. Br., 7–8. Because the Court agrees that a lender's non-suit constitutes abandonment, as explained below, it does not reach the parties' arguments with regard to notices of default.

[4] PennyMac argues both that Chase's 2009 non-suit of its foreclosure application abandoned WAMU's 2007 acceleration and that WAMU abandoned its 2007 acceleration by non-suiting its application, although it does not cite to the record for the latter argument. Doc. 16, Mot. for Summ. J. Br., 7–8. Regardless, a subsequent lender may abandon a prior lender's acceleration, so even if WAMU did not abandon its acceleration, Chase's 2009 non-suit did. *Costello v. U.S. Bank Tr., N.A.*, 689 F. App'x 253, 255 (5th Cir. 2017).

*Global Markets Realty Corp.*, which the Hargraves argue holds that a subsequent notice of acceleration does not reset the four-year time period that begins to run with the initial notice.[5] *Id*.

Under Texas law, a secured lender must "bring suit for . . . the foreclosure of a real property lien not later than four years after the day the cause of action accrues." Tex. Civ. Prac. & Rem. Code § 16.035(a). If the note contains an optional acceleration clause . . . the action accrues when the lender exercises its option to accelerate. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). "On the expiration of the four-year limitations period, the real property lien and power of sale to enforce the real property lien become void." Tex. Civ. Prac. & Rem. Code § 16.035(d).

The parties do not dispute that PennyMac and its predecessors properly exercised their option to accelerate the Hargraves' loan. *Smither v. Ditech Fin., L.L.C.*, 681 F. App'x 347, 352 (5th Cir. 2017) (noting that a lender must provide a notice of intent to accelerate and notice of acceleration). Nor do the parties dispute that a lender can abandon the acceleration of a note "by agreement or other action of the parties," *Khan v. GBAK Props.*, 371 S.W.3d 347, 353 (Tex. App.—Houston [1st Dist.] 2012, no pet.), or that "'[a]bandonment of acceleration has the effect of restoring the contract to its original condition,' thereby 'restoring the note's original maturity date' for the purposes of accrual," *Boren v. U.S. Nat. Bank Ass'n*, 807 F.3d 99, 104 (5th Cir. 2015) (quoting *Khan*, 371 S.W.3d at 353). The only issue is whether PennyMac's predecessors abandoned the prior accelerations of the

---

[5]The Hargraves also argue that PennyMac did not follow the statutory procedure for waiving acceleration. Doc. 21, Pls.' Resp., 7; *see* Tex. Civ. Prac. & Rem. Code § 16.038(b)–(c). But PennyMac has not attempted to abandon acceleration and the statute was not in effect when Chase abandoned its accelerations. And even if it had been, as the Hargraves point out, the statute does not provide the exclusive means for abandoning acceleration. Doc. 21, Pls.' Resp., 7; Tex. Civ. Prac. & Rem. Code § 16.038(e).

Hargraves' loan.

A lender can abandon acceleration "by voluntarily nonsuiting an action to collect on the note or to foreclose on the lien securing the note." *Smither*, 681 F. App'x at 353; *see Costello v. U.S. Bank Tr., N.A.*, 689 F. App'x 253, 255 (5th Cir. 2017) (holding that the statute of limitations was tolled where a lender "explicitly abandoned its foreclosure proceedings by nonsuiting the claim"); *see also Wells Fargo Bank v. Mata*, No. A-14CA-00909-SS, 2016 WL 7616627, at *4 (W.D. Tex. Oct. 12, 2016) ("the first acceleration of Defendants' debt . . . was abandoned . . . when Plaintiff filed its motion for nonsuit in the First Foreclosure Action"); *see also Bitterroot Holdings, LLC v. MTGLQ Inv'rs, L.P.*, No. 5:14-CV-862, 2015 WL 363196, at *6 (W.D. Tex. Jan. 27, 2015) ("a creditor can abandon or rescind its acceleration by voluntarily dismissing its claims against the debtor"); *see also Denbina v. City of Hurst*, 516 S.W.2d 460, 463 (Tex. Civ. App.—Tyler 1974, no writ) ("the City had a right to withdraw or revoke its option to accelerate payment, and effectively expressed its intent to do so by taking a non-suit").

The Hargraves do not dispute that non-suiting a foreclosure action constitutes abandonment, but argue that the caselaw supporting this proposition is unpublished and the Court should not follow it. Doc. 21, Pls.' Resp., 3–4. The Hargraves are correct that PennyMac relies on, and the Court has found, only opinions that lack precedential weight.[6] But "[a]lthough unpublished opinions are not precedential, they are persuasive." *Bynane v. Bank of N.Y. Mellon*, 866 F.3d 351, 357 n. 3 (5th Cir. 2017) (quoting *United States v. Oliveras*, 833 F.3d 450, 453 n.1 (5th Cir. 2016)). And given the

---

[6] *Deniba v. City of Hurst* is published but because it is a Texas intermediary appellate court decision, it also lacks precedential value in this Court. *See Green v. Walker*, 910 F.2d 291, 294 (5th Cir. 1990) ("The decision of an intermediate appellate state court guides, but does not necessarily control a federal court's determination of the applicable state law.")

number of courts that have explicitly held that when a lender non-suits a foreclosure action it abandons acceleration, the Court finds those cases persuasive here.

And, although the Hargraves urge otherwise, the Court does not find the reasoning in *Burney* persuasive. The issue in that case was not whether the lender abandoned acceleration but when it properly gave notice of acceleration. In *Burney*, the original lender sent the debtor a notice of default on October 18, 1999, and filed an application for expedited foreclosure on April 5, 2000. *Burney v. Citigroup Glob. Mkts. Realty Corp.*, 244 S.W.3d 900, 902 (Tex. App.—Dallas 2008, no pet.). That application was later dismissed for want of prosecution. *Id.* A subsequent lender sent another notice of acceleration to the debtor on October 21, 2004, and filed a foreclosure application on November 15, 2004. *Id.* The debtor claimed the subsequent lender's foreclosure action was time-barred because of the 2000 foreclosure action, but the lender argued the 2000 foreclosure action did not constitute a proper notice of acceleration, which is required before acceleration can occur; thus, the statute of limitations had never been triggered. *Id.* at 903. The court disagreed. It found the original lender's foreclosure application did constitute a notice of acceleration and therefore the four-year statute of limitations began to run with the first foreclosure application. *Id.* at 904. In this case, the parties do not dispute that PennyMac and its predecessors followed the proper procedures to accelerate a debt. Therefore, the *Burney* court's reasoning is inapposite.

Therefore, the Court finds that Chase abandoned the September 17, 2007 and April 22, 2009 accelerations of the note's maturity date by non-suiting its first foreclosure application on November 20, 2009. Accordingly, the statute of limitations reset. And, although Chase again triggered the start of the limitations period on January 27, 2010, Chase abandoned its second acceleration on January 7, 2011, when it non-suited its second foreclosure action. The statute of limitations was again reset.

PennyMac triggered the statue of limitations when it filed its 2015 foreclosure action, but PennyMac is within the four-year time period to enforce its lien. Thus, summary judgment is appropriate as a matter of law.

## IV.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** PennyMac's Motion for Summary Judgment. Doc. 15. The clerk of court is directed to terminate the case.

**SO ORDERED.**

**SIGNED: April 17, 2018.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE